OPINION

Per Curiam:

This is an appeal from a judgment of the district court in favor of respondent Carnival Leisure Industries, Ltd., a Bahamian Corporation. Respondent filed a complaint against appellant Mandy Campo, a Nevada resident, to recover a $25,000 debt which Campo incurred on September 15, 1984, at respondent’s hotel-casino in Nassau. A bench trial was held at which the parties stipulated that Nevada law would govern this dispute. On *1009 November 13, 1991, the district court entered judgment in favor of respondent for $25,000 plus interest, plus $5,000 in attorney’s fees and $118.75 in costs. This appeal followed.
Appellant’s sole contention on appeal is that the district court erred in concluding that a debt incurred by a Nevadan while gambling at a Bahamian hotel-casino is enforceable in Nevada. We disagree.
Appellant does not challenge the district court’s conclusion that the credit documents were valid and enforceable as negotiable instruments under Nevada law. See NRS 104.3104 (amended, 1993 Nev. Stat., ch. 402, § 18 at 1257-59). Furthermore, the district court did not err in concluding that enforcement of the Bahamian gaming licensee’s credit instruments does not violate Nevada’s gaming laws. As a matter of public policy, and consistent with the general purpose of Nevada’s statutory scheme, see NRS 463.0129 (amended, 1991 Nev. Stat., ch. 371, § 2 at 968-69; ch. 645, § 1 at 2144-45), Nevadans who incur gaming debts at validly licensed operations in other jurisdictions should not be exempt from enforcement of those debts in Nevada. Accordingly, we affirm the judgment of the district court.[1]

 The Honorable Robert E. Rose, Chief Justice, did not participate in the decision of this appeal.